*Compiler of Law*

IN THE SUPERIOR COURT
OF GUAM

FILED
SUPERIOR COURT

2012 MAR -2 PM 4: 4

CLERK OF COURT
BY _____

JOSHUA L.S.N. SANTOS,                )      Domestic Case no. DM 0163-11
                                     )
                    Plaintiff,       )
                                     )
       v.                            )
                                     )      **DECISION AND ORDER**
                                     )      re: Child Custody
ANNIE JO SIGUENZA,                   )
                                     )
                                     )
                    Defendant.       )

# INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on December 1, 2011. The Plaintiff was represented by Attorney Ryan F. Kaiser. The Defendant appeared *pro se*. After considering the matter presented, the court now issues the following decision and order granting Plaintiff joint legal and physical custody of the parties' minor child.

# BACKGROUND

This matter arises out of a complaint for custody and legitimation of minor child filed by the Plaintiff on February 28, 2011. Natalie Jesusa Siguenza Santos ("Natalie") is the biological child of Plaintiff and Defendant.[1] Natalie was born on June 27, 2005, at Sagua Managu. Plaintiff and Defendant were not married when Natalie was born, nor are they married now.

On June 23, 2011, the parties entered into a mediation agreement which concerned the visitation of Natalie. Ultimately, the parties agreed that visitation would alternate weekly with it beginning and ending each week on Sunday at noon. Due to Plaintiff's future relocation to Hawaii, the parties also agreed to a summer visitation schedule where one parent will have custody of Natalie for June while the other parent will have custody in July. Subsequent to the

---

[1] The court notes that there is no dispute as to the fact that Natalie is the biological child of the Plaintiff.

agreement, the parties expressed a desire to change the agreement. Plaintiff now seeks to have custody for the entire summer. Defendant now seeks sole physical custody.

## DISCUSSION

The first issue before the court is whether the Plaintiff should be awarded joint legal custody of his minor child, Natalie. Joint legal custody has been defined by the courts as including "the right and obligation to make long range decisions involving education, religious training, discipline, medical care, and other matters of major significance concerning the child's life and welfare." *Howerton v. Howerton*, 2004 Guam 8 at ¶ 12.

The principal custody statute gives the court broad discretion in its determination of custody arrangements for a minor child. The statute provides in pertinent part: "In actions where there is at issue a dispute as to the custody of a minor child, the court may, during the minority of that child, make such order for the custody of such child as may seem necessary and proper." 19 GCA § 8404. Joint legal custody is appropriate if the parents are reasonable and willing to give priority to the best interest of their child in working together to make decisions regarding their child's welfare. *Flores v. Cruz*, 1998 Guam 30 ¶ 21. The ability to cooperate is essential for all joint custody arrangements. However, this does not necessarily require the absence of hostility or tension between the parties. *Id.* In *Flores*, the Supreme Court of Guam held that hostility between parents does not make a joint legal custody arrangement inappropriate. If there is a potential to cooperate, then a joint custody arrangement can be made by instructing the parents of what is expected and of the ground rules of conduct. *Id.*

Having considered the statute and the relevant case law, the court finds it is in the best interest of the child to award joint legal custody to both parties. Despite the fact that the Plaintiff and Defendant are no longer in a relationship with each other, their past conduct reflects their ability to cooperate with each other in matters regarding the best interest of their child. For example, both parties worked together at an Inafa Maolek session to successfully create the alternating custody arrangement that has since been in place.

The second issue before the court is whether the Plaintiff should be awarded joint physical custody. Joint physical custody has been defined by the Supreme Court of Guam as a

"right and obligation to provide a home for the child and to make the day to day decisions required during the time the child is actually with the parent having the custody." *Howerton*, 2004 Guam 8 at ¶ 12.

Plaintiff argues that the current order of the court, which has the child alternating weeks between Plaintiff and Defendant, should be maintained until he leaves island because it is in the best interest of the child to do so. He emphasizes that there is very little evidence presented of any serious problem for the child caused by the current custody arrangement. Plaintiff also asks the court to grant him custody of Natalie for the entire summer.

Defendant argues that the present custody arrangement is not in the best interest of the child. Defendant reasons that the custody arrangement is too difficult for the child. The Defendant also argues that the present custody arrangement does not function in the best interest of the child because it does not take into consideration the Plaintiff's lack of a presence in Natalie's life. Thus, the Defendant requests for full physical custody.

When determining the custody of a minor child, the court must take into account:

> (h) legislative policy that the children spend as much time with each of their parents as possible, when the parents are not living together. Therefore, in determining visitation of minor children on Guam with non-custodial parents living on Guam, the court shall, to the greatest degree possible, order visitation for minor children (pendente lite and permanently) with non-custodial parents such that the children spend more or less equal amounts of time with the custodial parent and the non-custodial parent during non-working, non-sleeping, non-school time.

19 GCA § 8404(h). "While substantial time, and not equal time, is all that is required under a joint physical custody . . . under Guam law, equal time is preferred and should be granted to the greatest extent possible." *Howerton*, 2004 Guam 8 at ¶ 19. This legislative preference for equal time, however, is always secondary to the best interest of the child. *Flores*, 1998 Guam 30 at ¶ 12. The best interest of the child is the primary and determinative factor in any custody arrangement. *Lanser v. Lanser*, 2003 Guam 14 ¶ 16.

The preference given for an equal time arrangement is subject to the following considerations enunciated by the Court in *Howerton*: (1) the proposed visitation is not injurious to the welfare of the child; (2) the non-custodial parent is willing to accept such visitation; (3) the non-custodial parent is fit to have such visitation; (4) the visitation does not to interfere with the child's education; (5) unless it is not in the best interest of the child, the non-custodial parent or grandparents shall be given consideration in providing childcare when the visitation is put into effect; (6) the employment of each parent and the time the child spends in education and extracurricular activities in considering the arrangement; and (7) any other factors that might effect the welfare of the child. *Howerton*, 1998 Guam 30 at ¶ 24.

The court agrees with the Plaintiff that joint physical custody is appropriate in the case at bar and that the current custody arrangement of alternating weeks between Plaintiff and Defendant is in the best interest of Natalie. The court finds no overriding factor present that would require the court to grand the Defendant sole physical custody. Although Defendant argues that the current custody arrangement is inappropriate because it would be too difficult for the child, there is no evidence presented that supports the Defendant's contention.

## CONCLUSION

Based on the foregoing, the court finds that an award of joint legal and physical custody to the Plaintiff is in the best interest of the child. The court further finds that the custody arrangement wherein the child will alternate weeks between the Plaintiff and Defendant is in the best interest of the child while the Plaintiff is on Guam. In regards to Plaintiff's future relocation to Hawaii, the court finds that the Defendant shall have primary physical custody of Natalie during the school year after Plaintiff has relocated. The parties' summer visitation schedule where one parent will have custody of Natalie for June while the other parent will have custody in July shall also apply. The Plaintiff shall have custody of Natalie in June and also pay for Natalie's transportation costs.

Plaintiff's Request for Joint Legal and Physical Custody is hereby **GRANTED.**

SO ORDERED, this ‾2‾ day of _/March_ 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

MAR 2 2012

𝒬ℓJames R. Borja
Deputy Clerk, Superior Court of Guam